COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ABF FREIGHT SYSTEM, INC.
                                          MEMORANDUM OPINION[*]
v.   Record No. 0788-97-3                     PER CURIAM
                                           AUGUST 5, 1997
KEITH E. JOHNSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Roger L. Williams; Vasiliki Moudilos;
                Williams & Lynch, on brief), for appellant.

                (Richard M. Thomas; Rider, Thomas,
                Cleaveland, Ferris & Eakin, on brief), for
                appellee.


     ABF Freight System, Inc. (employer) contends that the

Workers' Compensation Commission erred in finding that Keith E.

Johnson was justified in refusing to undergo surgery recommended

by Dr. Louis Pikula, Jr., the treating neurosurgeon.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that on May 9, 1995,

while working for employer as a truck driver, Johnson sustained a

compensable back injury.  Several months after the accident, Dr.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

James Vascik performed surgery on the L4-5 level of Johnson's spine. The surgery proved unsuccessful. Johnson testified that his pain increased and that his low back pain and left foot numbness returned ten days after the operation. He also experienced numbness in both legs and in his outer right foot, which was not present before the surgery. Within weeks, Johnson developed right leg weakness and pain down the posterior lateral aspect of his right leg.

On January 3, 1996, Johnson began treating with Dr. Pikula, who offered him several treatment options. On March 6, 1996, Johnson underwent a CT scan and myelogram, which revealed a scarred L4-5 and a disc herniation at L5-S1. Dr. Pikula told Johnson that his condition would probably improve with surgery, but he could not guarantee the results. Dr. Pikula opined that Johnson had a seventy to eighty percent chance of improvement. On October 7, 1996, Dr. Pikula reported that after weighing the treatment options, including surgery, Johnson elected to continue with conservative treatment. At that time, Dr. Pikula reported that he saw no need for surgery because of the improvement in Johnson's condition with conservative treatment. Dr. Pikula opined that because of the unsatisfactory results obtained in Johnson's first surgery, Johnson's reluctance to have the second surgery was reasonable.

Based upon this record, the commission found that Johnson's refusal of the second surgery was justified.

"Justification is a factual determination made upon an objective view of all circumstances as they reasonably appeared to the claimant." <u>Id.</u> at 213, 390 S.E.2d at 789. The facts support the commission's finding that Johnson was justified in refusing to undergo back surgery "because of the unsuccessful outcome of [his] first surgery, and because the second surgery was presented as an option that carried with it certain risks." Credible evidence supports the commission's finding, which is binding and conclusive upon us. <u>See</u> <u>id.</u>

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>